IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-30113

United States Court of Appeals
Fifth Circuit
**FILED**
October 27, 2015
Lyle W. Cayce
Clerk

In the Matter of:

TREATY ENERGY CORPORATION,

                        Debtor.

------------------------------------------------------------------

TREATY ENERGY CORPORATION,

                        Appellant,

versus

DAVID A. HALLIN; RONDA HYATT; JEFFEREY A. MORGAN;
ALEXANDER RASHBURY; DAVID MCCOURTNEY; MACK MAXCEY,

                        Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2109

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

    Treaty Energy Corporation ("TECO") sued the named petitioning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

creditors ("defendants") for alleged losses resulting from their filing of an involuntary bankruptcy petition against it. The bankruptcy court dismissed the petition, then denied costs and damages; the district court affirmed. We affirm.

I.

The bankruptcy court dismissed the involuntary petition because the defendants failed to satisfy 11 U.S.C. § 303(b). TECO then moved for costs, attorney's fees, and compensatory and punitive damages. Because the dismissal of the petition was without defendants' consent, TECO was authorized under 11 U.S.C. § 303(i)(2) to seek costs and damages, including "any damages proximately caused" by "any petitioner that filed the petition in bad faith."

TECO's motion included a claim for losses allegedly incurred in the sale of restricted shares of its stock during the pendency of the petition. Between the time when the petition was filed and when it was eventually dismissed (May 7 to June 12, 2013), TECO concluded 41 stock purchase agreements, in which it committed to sell 84,557,360 restricted shares of its common stock. TECO claims that it intended to sell these shares for 40% off the market price of unrestricted shares of its stock but that the filing of the involuntary petition forced it to sell its restricted shares at a discount of more than that. TECO alleges that the resulting loss in stock-sales income was $453,750.46. Although the average price at which TECO sold restricted shares was about 0.5¢ immediately before, during, and immediately after the pendency of the petition, the market price of its unrestricted shares increased during that period from about 1.4¢ to 1.8¢ before declining to 1.7¢.

The bankruptcy court granted partial summary judgment to petitioners on TECO's claim of stock-sales losses. The district court affirmed.

No. 15-30113

## II.

We review a bankruptcy court's grant of summary judgment de novo. *In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014). Summary judgment is proper in district court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The same standard applies to summary judgment in bankruptcy court. FED. R. BANKR. P. 7056 (expressly incorporating FED. R. CIV. P. 56). All "facts and inferences [must be drawn] in the light most favorable to the party opposing the motion." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The bankruptcy court gave two reasons for granting partial summary judgment. The first is that the stock purchase agreements were not valid sales, because, at the time they were entered into, TECO was not authorized to issue any additional shares. Because this issue of law is essential to TECO's claim for damages, the bankruptcy court's conclusion, if correct, would entitle defendants to partial summary judgment. We expressly decline to consider this issue, however, because partial summary judgment was proper in light of the second reason given by the bankruptcy court: The sales price of TECO's stock did not decline during the pendency of the involuntary petition. By itself, that finding of fact would be insufficient to support the grant of partial summary judgment, because TECO rests its claim for damages not on a decline in the absolute sales price of restricted shares, but rather on its inability to sell restricted shares for as much as it had originally intended to. When taken

together with TECO's failure to prove that it intended to sell the shares at a 40% discount, however, the bankruptcy court's finding justified partial summary judgment. Because we "may affirm [the] judgment on any grounds supported by the record," *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citation omitted), we affirm on this basis.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant may introduce evidence, such as an affidavit, negating the nonmovant's evidence or instead demonstrating that the nonmovant has failed to meet its burden of production. *Id.* at 323.

> In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on the essential element of [its] case with respect to which [it] has the burden of proof."

*Id.* at 322–23.

The defendants, as movants, showed that the materials cited by the nonmovant, TECO, failed to establish an element essential of TECO's case and on which TECO would bear the burden of proof. To succeed, TECO would have to demonstrate at trial either that the sales price of restricted shares actually declined or that it intended to sell restricted shares at 40% off the market price for unrestricted shares. The evidence that TECO introduced, however, was either inadmissible or failed to substantiate those elements of its case.

First, as the bankruptcy court rightly found, the data that TECO introduced demonstrated that there had been no actual decline in the sales price of restricted shares of TECO stock. Though the sales price of restricted shares

did fluctuate, it averaged 0.5¢ immediately before, during, and after the pendency of the involuntary petition.

Second, TECO failed to introduce any proper evidence that it intended to sell restricted shares at a 40% discount. Its sole evidence was an affidavit by Sean Douglass, its investor-relations and public-relations officer. Most of the affidavit, however, is inadmissible because it fails to "be made on personal knowledge, set out facts that would be admissible in evidence, [or] show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). To the contrary, Douglass's affidavit freely admits that he "was not involved in the direct selling or solicitation of any securities related to" TECO and that "[a]ny and all securities solicitations and/or transactions were handled directly by [his] superiors." Douglass claims that he "did assist in the process when requested, which included gathering information when given direct instructions by [his] superiors." But he does not claim any personal knowledge of the sales price of restricted shares or of TECO's intention to sell restricted shares at a 40% discount.

The judgment of the district court, affirming the bankruptcy court, is AFFIRMED.